IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 92-246

STATE ex rel. PARK COUNTY,

Relator,

-v-

MONTANA SIXTH JUDICIAL DISTRICT
COURT, PARK COUNTY, THE HONORABLE
BYRON L. ROBB, Presiding Judge,

Respondent.

)   O R D E R
)      AND
)   O P I N I O N

FILED

JUN 3 0 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

This Court on May 28, 1992, in response to an application for writs, ordered the respondent/plaintiff (Kenneys), to respond to the application within a determined time period and further ordered that the preliminary and permanent injunctions enjoining Park County from interfering with Kenneys' removal and disposal of sludge and debris temporarily be vacated and stayed. Kenneys having now filed its response and brief the matter is ripe for decision. We dissolve the injunctions.

Park County has filed herein an application for a writ of supervisory control and other appropriate writs of relief. However, we will treat the application as an appeal. Under Rule 1(b)(2), M.R.App.P., a party may appeal from a judgment or order granting or dissolving an injunction, or refusing to grant or dissolve an injunction. We will not consider whether the facts set forth meet the criteria for our consideration and exercise of

1

jurisdiction over an application for writ of supervisory control.

In 1991 Park County (County) entered into a contract with Kenneys, which called for repairs and renovations to the Waste Water Treatment Plant in Gardiner, Montana, including the installation of an impermeable liner under two large settling ponds. As part of the repair process, Kenneys was to remove and dispose of the sludge which had settled to the bottom of each pond. In the contract there was a base amount for the removal of 60 cubic yards of sludge based on an estimated quantity of sludge in the ponds. This estimate was prepared by H.K.M. Associates Engineers/Planners, the engineering firm retained by the County. Also in the contract was a requirement that a unit price be submitted for each additional cubic yard over and above the 60 cubic yards of sludge which might be removed. Kenneys proceeded to remove the sludge from the first of the two ponds. Thereafter it submitted a claim for $120,000, alleging that it had removed at the very least 2400 cubic yards of sludge based on a percentage of solid content. Kenneys further asserted a right to $240,000 for 4800 cubic yards of sludge based on a different percentage of solid content. The County objected to this claim and has not paid the same.

On March 19, 1992, the County ordered deletion from the contract the sludge removal on the second aeration pond which it argued was permissible under the construction contract. Previous to the deletion, on February 25, 1992, Kenneys filed suit in the District Court of the Sixth Judicial District for breach of

2

contract, claiming nearly $200,000 in damages for payment allegedly due for work on the first pond. As part of that lawsuit, on April 29, 1992, the District Court granted a preliminary injunction and ordered that the County was enjoined from interfering with Kenneys' performance of the sludge removal work on the second aeration pond.

Subsequently, both parties filed motions, including motions to dissolve, and motions for contempt. A hearing was set on the motions for May 11, 1992. On May 6, 1992, Kenneys filed a motion for summary judgment contending that the County's deletion order constituted a breach of contract. On May 7, 1992, Kenneys filed a second motion for summary judgment asking the court to convert the preliminary injunction into a final injunction. On May 8, 1992, the County telefaxed to Kenneys' counsel a formal objection to the hearing on the motions for summary judgment and especially declined to waive the County's right to the ten day notice period on these motions. The County's formal objection to the early hearing on Kenneys' motion for summary judgment was hand delivered to the court on May 11, 1992. The District Court overruled the County's objections to the hearing on the summary judgment motions. Following oral argument, the District Court denied Kenneys' motion for contempt, and denied Kenneys' motion for summary judgment on the contract. Further, the District Court denied the County's motion to dissolve or modify the injunction, and denied the County's motion for summary judgment relative to Kenneys' claim for injunctive relief. However, the District Court granted Kenneys' motion for summary judgment requesting the County be permanently

3

enjoined from interfering with Kenneys' performance of the sludge removal contract. The oral ruling was reduced to writing on May 12, 1992 and this application followed.

Our scope of review relative to the issue of whether or not injunctive relief was improper, is to determine whether the District Court's determination as to the law is correct. See Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

Section 27-19-103(5), MCA (1991), provides as follows:

An injunction cannot be granted:

. . .

(5) to prevent the breach of a contract the performance of which would not be specifically enforced;

. . .

Generally construction contracts cannot be specifically enforced because performance would constitute a personal service approximating involuntary servitude. Further, money damages provide an adequate legal remedy. One of the most common applications of this rule is found in cases involving building and construction contracts. These contracts will not be specifically enforced, partly because damages at law are an adequate remedy, and partly because of the incapacity of the court to superintend their performance. See 71 Am.Jur.2d, Specific Performance § 165 (1973).

Here, Kenneys have an adequate remedy at law for damages under the contract. As to this contract, it can be readily envisioned, that questions will arise and be presented to both the District Court and to this Court, as they have in the past, which will put the court system in the position of superintending the performance

4

of a contract. As stated above, this is one of the major reasons why the performance of this contract should not be specifically enforced.

Kenneys argue that injunctive relief is appropriate because section 6.29 of the contract creates an obligation of specific performance on the part of the contractor. If the contract is found to require specific performance, then the remedy of specific performance is made reciprocal by operation of law. See § 27-1-414, MCA. Section 6.29 of the contract provides as follows:

> CONTRACTOR shall carry on the work and adhere to the progress scheduled during all disputes or disagreements with owner. No work shall be delayed or postponed pending resolution of any disputes or disagreements, except as permitted by paragraph 15.5 [termination] or as CONTRACTOR and OWNER may otherwise agree in writing.

However, section 6.29 is a contractual obligation which informs the contractor that he is expected to continue his work even though there might be disputes or disagreements with the owner. This does not mandate specific performance. A contractor would still be free to breach the contract and then be liable for money damages by reason of that breach.

The District Court granted summary judgment in favor of Kenneys. By granting Kenneys' motion for summary judgment and permanently enjoining the County, the court determined that any deletion of the sludge removal portion of the project would be a breach of the contract, and made a determination whether the County had a basis to delete the work. However, the County was not given the ten days notice required under Rule 56(c), M.R.Civ.P., from the time of service of the motion for summary judgment to the time

5

fixed for the hearing. The County made proper objections as required by Rule 56(c), M.R.Civ.P., and the County did not waive the requirement of ten days notice under Rule 56(c). Therefore, the District Court was without authority to grant Kenneys' motion for summary judgment. The injunctions are vacated and dissolved and the order of summary judgment is set aside and the cause is remanded to the District Court for further proceedings.

DATED this 30th day of June, 1992.

_____
Chief Justice

_____
_____
_____
_____
_____
_____
Justices

6

June 30, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

L. B. Cozzens and Neil G. Westesen
Crowley, Haughey, Hanson, Toole & Dietrich
P. O. Box 2529
Billings, MT 59103-2529

Lawrence R. Martin and Randall G. Nelson
Felt, Martin, Frazier & Lovas
P. O. Box 2558
Billings, MT 59103-2558

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy